**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MIGUEL ROMERO, | |
| Petitioner, | Civil No. 06-924 (FLW) |
| v. | |
| CHARLES E. SAMUELS, | **OPINION** |
| Respondent. | |

**APPEARANCES:**

    MIGUEL ROMERO, Petitioner pro se
    #83895-011
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

**WOLFSON, District Judge**

This matter is before the Court on the petition of Miguel Romero ("Romero") for habeas corpus relief under 28 U.S.C. § 2241,[1] challenging his federal conviction and sentence. For the

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## I.   BACKGROUND

The following background facts are taken from the petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

On or about May 11, 1998, Romero was convicted by jury trial and sentenced by the United States District Court for the Southern District of Florida to 252 months in prison for conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Romero filed a direct appeal to the United States Court of Appeals for the Eleventh Circuit.  The Eleventh Circuit affirmed the conviction and sentence on or about February 23, 1999.

Thereafter, Romero filed his first motion to vacate, set aside, or correct his sentence, raising numerous grounds of ineffectiveness of counsel.  The district court in the Southern District of Florida denied the § 2255 motion on or about January 14, 2002.  Petitioner now submits this habeas petition under § 2241, asserting that his claims do not fit the criteria necessary for an application to file a second or successive motion.

His petition raises the following grounds for habeas relief: (1) the indictment fails to charge any substantive offense; therefore it is "void ab initio"; (2) officers of the court

2

conspired to amend the offense charged in the indictment during sentencing; and (3) the sentence enhancements were applied in violation of petitioner's constitutional rights.  Romero also claims that he is "actually innocent" of the offenses for which he was convicted.

## II.  ANALYSIS

A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.  Petitioner's claims

Here, Romero contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255

4

would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi. See Okereke, supra (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  See also United States v. Swinton, 333 F.3d 481 (3d Cir. 2003) (holding that Apprendi does not apply retroactively to cases on collateral review), cert. denied, 540 U.S. 977 (2003); In re Turner, 267 F.3d 225 (3d Cir. 2001) (same).[2]

---

[2] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Most recently, in

Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi. The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), cert. denied, 126 S.Ct. 288 (Oct. 3, 2005). See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding that the decision of the Supreme Court in Booker does not apply retroactively to cases on collateral review); See also Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.), cert. denied, 126 S.Ct. 591 (Oct. 31, 2005).³ In addition, the mere fact that a claim is time barred does not

---

United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

³ See also Blakely v. Washington, 542 U.S. 296 (2004), where the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 124 S.Ct. at 2536-37 (internal quotations omitted). Blakely also is not retroactively applicable to cases on collateral review. See United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005), cert. denied, 126 S.Ct. 731 (2005).

render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[4]

Here, Romero contends that resort to § 2255 is inadequate or ineffective because his claims do not fit the criteria under § 2255 that must be satisfied in order to seek certification to file a second or successive § 2255 motion.  (Petition at ¶ 13). Thus, it is plain that recourse under § 2255 is only unavailable to petitioner due to his inability to meet the limitations and gatekeeping requirements of § 2255.  As noted above, these circumstances do not render § 2255 an inadequate or ineffective remedy, and Romero's petition is subject to dismissal as a second or successive § 2255 motion.

Nevertheless, Romero attempts to circumvent this roadblock by claiming that the Dorsainvil exception applies to him because he is "actually innocent" of the offenses charged.  A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[5]  A petitioner must present

---

[4] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

[5] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence."  Herrera v. Collins,

evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  In other words, Romero must show that he did not commit the crime as charged, not simply that some error in procedure occurred.  See Hull v. Freeman, 991 F.2d 86, 91 n.3 (3d Cir. 1993); see also Bousley v. United States, 523 U.S. 614, 624 (1998)("actual innocence" must be "factual innocence", as opposed to procedural insufficiency).  A claim of actual innocence requires a petitioner to show (1) "new reliable evidence ... not presented at trial" establishing (2) "that it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence."  Wyldes v. Hundley, 69 F.3d 247, 253-54 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996).  Moreover, an "actual innocence" claim does not apply to those whose guilt is conceded or plain.  Schlup v. Delo, 513 U.S. 298, 321 (1995).  Here, Romero's claims as to "actual innocence" are based on procedural defects, namely, an allegedly defective indictment, the court's

---

506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent.  Id.; McClesky v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera, 506 U.S. at 404.

finding of aggravating factors to enhance petitioner's sentence, and an <u>Apprendi</u> claim.  They do not speak to petitioner's actual innocence of the crimes charged, and he offers no compelling evidence of his innocence.  Therefore, the Court finds that the actual innocence exception is not available to Romero to proceed under § 2241.

Finally, Romero's claims relating to an allegedly defective indictment, and the lack of specificity in charges in the indictment, are not "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."  28 U.S.C. § 2255, ¶ 8(1).  Nothing precluded Romero from raising any of these claims, including the alleged claim of actual innocence, on appeal or in a timely § 2255.  Romero does not, and indeed cannot, cite to an intervening change in the law or other extraordinary circumstances to show that he may actually be innocent of the crimes for which he was convicted.  Therefore, Romero cannot proceed via § 2241 and his petition should be dismissed for want of jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was

9

filed." 28 U.S.C. § 1631. Thus, a second or successive § 2255 motion in this instance may be brought in the district of conviction only if the applicable Court of Appeals, *i.e.*, the Eleventh Circuit, has authorized such filing. 28 U.S.C. § 2255.

Here, Romero has already sought leave to file a second or successive § 2255 motion in the Eleventh Circuit on the very same grounds as asserted in this petition. On January 20, 2006, the Eleventh Circuit denied Romero's application for leave to file a second or successive § 2255 motion. Accordingly, it is not in the interest of justice to transfer this matter to the Eleventh Circuit to review yet again. The Court is constrained to dismiss the petition as a second or successive § 2255 motion over which this Court has no jurisdiction.

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed. An appropriate order follows.

                                    S/Freda L. Wolfson
                                    FREDA L. WOLFSON
                                    United States District Judge

Dated: March 30, 2006